UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02232-JLS-JDE                                     Date: May 26, 2022
Title:  Providence Capital Funding, Inc. v. Morale Orchards, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

On July 16, 2020, Plaintiff Providence Capital Funding, Inc. filed this action in the Superior Court of California (County of Orange).  (Ex. A (Complaint) to Notice of Removal ("NOR"), Doc. 1-1.)  On November 24, 2020, Defendants Morale Orchards, LLC ("Morale"), Jacqueline Alexander ("Alexander"), The Puff Factory LLC ("Puff"), and Know Your Fruit ("Fruit") removed the action to this Court, invoking diversity jurisdiction.  (NOR ¶ 2, Doc. 1.)

No party has raised a jurisdictional objection, however, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  As the party invoking federal jurisdiction, Defendants have the burden of establishing the existence of subject matter jurisdiction.  *See Kokkonen*, 511 U.S at 377.  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Upon careful review of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02232-JLS-JDE                                                  Date: May 26, 2022
Title:  Providence Capital Funding, Inc. v. Morale Orchards, LLC et al

the Notice of Removal, and for the reasons stated below, the Court concludes that its subject matter jurisdiction has not been established.

In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *Id.* § 1332(c)(1).  Here, however, Defendants merely allege that "Plaintiff Providence is a corporation duly organized and existing under the laws of the State of California."  (NOR ¶ 3(a), Doc. 1.)  Defendants do not allege where Providence is incorporated or where it has its principal place of business.

For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 899, 902 (9th Cir. 2006).   In the NOR, Defendants allege that Morale is "a limited liability company existing under the laws of the State of Oregon," that Puff is "a limited liability company existing under the laws of the State of Oregon," and that Fruit is "a Limited Liability Company organized under the laws of the State of Delaware."  (NOR ¶ 3(b), (d)-(e), Doc. 1.)  However, Defendants do not allege the identity of the LLCs' members or their citizenship.

Lastly, in order to be a citizen of a state within the meaning of the diversity statute, an individual must be domiciled there; showing residency is insufficient.  *Pentz v. Kimco Realty Corp.*, 2011 WL 13227863, at *2 (C.D. Cal. Apr. 21, 2011) (Staton, J.)  Defendants contend only that Alexander "is and at all times relevant was an individual residing in the State of Oregon."  (NOR ¶ 3(c), Doc. 1.)

Accordingly, Defendants are ORDERED to show cause, in writing (no longer than five (5) pages), **within five (5) days of the date of this Order**, why the Court should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02232-JLS-JDE                                             Date: May 26, 2022
Title:  Providence Capital Funding, Inc. v. Morale Orchards, LLC et al

remand this action to state court for lack of subject matter jurisdiction.  Failure to timely respond will result in the immediate remand of the case.


                                                                         Initials of Deputy Clerk:  droj